IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| **POTOMAC ELECTRIC POWER COMPANY** | : |
| 701 Ninth Street, N.W. | : |
| Washington D.C. 20068 | : Civil Action No. 2019 CA 004879 B |
| | : Judge _____ |
| Plaintiff | : Calendar No. _____ |
| v. | : |
| **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY** | : |
| 600 5th Street, N.W. | : |
| Washington, D.C. 20001 | : |
| Defendant | : |

## COMPLAINT

COMES NOW, Plaintiff Potomac Electric Power Company, by and through its attorneys, Freeman & Freeman, P.C., and hereby files its Complaint against the Washington Metropolitan Area Transit Authority, (hereafter "Defendant") and alleges as follows:

### I. PARTIES

1. Plaintiff, Potomac Electric Power Company (hereafter, "Pepco" or "Plaintiff"), is now, and was at all times referenced herein a corporation duly organized and existing under the laws of the Commonwealth of Virginia with its principle place of business in Washington, D.C.

2. Upon information and belief, Defendant is now, and was at all times mentioned herein, a corporation doing business in the District of Columbia, with a principal office located in the District of Columbia, and was the contractor in charge of various projects located in Washington, D.C., and was acting through its employees, agents and/or servants.

## II. JURISDICTION AND VENUE

3.      Plaintiff adopts and incorporates herein by reference paragraphs one (1) through three (3) as if set forth in its entirety in this section.

4.      The Defendant does business in the District of Columbia and is thereby subject to the jurisdiction of this Court.

5.      The events forming the basis of the causes of action all occurred in the District of Columbia.

6.      Jurisdiction and venue for this action lie in Washington, D.C., where the Defendant in fact does business, and where the conduct underlying this action occurred.

## III. NATURE OF ACTIONS

7.      Plaintiff adopts and incorporates herein by reference paragraphs one (1) through seven (7) as if set forth in its entirety in this section.

8.      Plaintiff is in the business of providing electricity and distribution services in the Washington, D.C. metropolitan area via overhead and underground utility cable lines and equipment. The underground cable lines are located in, among other things, underground ducts, conduits, and manholes. The overhead lines are located on, among other things, utility poles.

9.      At all times relevant hereto, Defendant was engaged in projects in the District of Columbia and was responsible for and had the non-delegable duty to provide for the supervision of all contractors involved with the projects (the "Job Sites"), including, but not limited to, construction, operation, inspection, maintenance and repair of its underground facilities, including, but not limited to, protecting Pepco's underground service cables and conduit ducts ("Pepco's Facilities"), in connection with the work at the Job Sites.

Exhibit A

10. At all times relevant hereto, **Defendant** was responsible for and had the non-delegable duty to construct, operate, inspect, maintain and repair its facilities at the Job Sites.

**COUNT I**
**1440 P Street N.W., WASHINGTON, D.C.**
**(NEGLIGENCE)**

11. Plaintiff adopts and incorporates herein paragraphs one (1) through ten (10) as if fully stated herein in this Count.

12. Prior to and during September 20th, 2016, Defendant, at or about 1100 Ohio Drive S.W., Washington, DC, 20024 ("the Job Site"), negligently damaged Pepco's Facilities by permitting its facilities to blow up causing damage to Pepco's Facilities.

13. Defendant negligently failed to properly maintain its facilities with due care resulting in damage to Pepco's underground facilities.

14. As a result of Defendant's negligent construction, operation, inspection, maintenance and repair of its underground facilities, its switch gear blew up, and as a result Pepco's Facilities were damaged, requiring them to be replaced and repaired at substantial cost and expense.

15. Defendant, either directly or through its agents, servants, and/or employees, owed a duty to Pepco, both by common law and statute, to exercise reasonable care in the planning, performance, oversight of its construction activities and operation of its equipment at the Job Site, which Defendant should recognize as necessary for the protection of Pepco's Facilities and to prevent damage to Pepco's Facilities.

16. Defendant breached its duty owed to Pepco by its acts of negligence and other wrongdoing, either directly or through its agents, servants, and/or employees, including, but not

Exhibit A

limited to:

    a.    failure to exercise reasonable care in planning, design, supervision, oversight, and performance at the Job Site, which Defendant should recognize as necessary to protect and prevent damage to Pepco's Facilities,

    b.    failure to exercise acceptable care in constructing, operating, inspecting, maintaining and repairing its facilities at the Job Site which Defendant should recognize as necessary to protect and prevent damage to Pepco's Facilities, and

    c.    other negligent acts.

17.    Defendant's above-mentioned acts of negligence created a dangerous and unsafe condition at the Job Site and increased the risk of damage to Pepco's Facilities.

18.    Pepco relied upon Defendant to carry out its duties owed to Pepco with due care.

19.    As a result of the negligence of Defendant, Pepco's Facilities were damaged.

20.    As a result of the above-mentioned negligent acts, Pepco has incurred serious damage to its Facilities, requiring its equipment to be replaced and repaired at substantial cost and expense.

21.    Pepco's losses and damages were caused by the negligence of Defendant and/or its agents, servants and/or employees, without any negligence by Pepco contributing thereto.

22.    WHEREFORE, Pepco demands judgment against Defendant in the amount of $26,091.83, plus interest and the costs of this action, and all other relief to which Pepco is entitled or as this Court deems just and proper.

Exhibit A

Exhibit A

Dated this 24th day of July 2019.

                          Respectfully Submitted,
                          FREEMAN & FREEMAN, P.C.

By:   /s/Martin H. Freeman
       Martin H. Freeman (Bar No. 236612)
       100 Park Avenue, Suite 250
       Rockville, Maryland 20850
       (301) 315-0200 - Phone
       (301) 315-0210 - Fax
       *Attorneys for Pepco*