## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

POTOMAC ELECTRIC POWER
COMPANY,

        *Plaintiff*,

  v.

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY,

        *Defendant.*

No. 19-cv-2709 (DLF)

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Potomac Electric Power Company (PEPCO) brings this suit against the

Washington Metropolitan Area Transit Authority (WMATA), alleging that WMATA's negligent

acts harmed PEPCO's equipment.  Dkt. 1-4 (Compl.).  Before the Court is WMATA's Motion to

Dismiss.  Dkt. 2 (Mot. to Dismiss).  For the following reasons, the Court will grant the motion

but allow PEPCO an opportunity to amend the complaint.

## I. BACKGROUND

PEPCO, a public utility corporation, operates cable lines located underground in conduit

ducts and manholes throughout the Washington, D.C., metropolitan area.  Compl. ¶¶ 8–9.[1]

WMATA, a tri-jurisdictional government transit service, operates underground rail lines

throughout the Washington, D.C., area.  *Monument Realty LLC v. WMATA*, 535 F. Supp. 2d 60,

---

[1] Unless otherwise noted, the factual allegations cited in this opinion are drawn from PEPCO's
complaint.  *See Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015)
(court considering motion to dismiss must "accept all the well-pleaded factual allegations of the
complaint as true and draw all reasonable inferences from those allegations in the plaintiff's
favor").

64 (D.D.C. 2008). On or before September 20, 2016, an underground switch gear belonging to WMATA blew up near 1100 Ohio Drive SW, Washington, DC, 20024. Compl. ¶¶ 12, 14. This explosion damaged PEPCO's equipment, costing PEPCO $26,091.83 to repair and replace. *Id.* ¶¶ 14, 20, 22.

On July 24, 2019, PEPCO filed its complaint against WMATA in the Superior Court of the District of Columbia, alleging a single count of negligence. Dkt. 1 (Notice of Removal) ¶ 1. WMATA removed the case to the United States District Court for the District of Columbia on September 10, 2019, *see id.* ¶¶ 6–7, and moved to dismiss the claim pursuant to Federal Rule of Civil Procedure 12(b)(6), *see* Mot. to Dismiss.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a party may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although "detailed factual allegations" are not required, a plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *id.*, and must "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555. To state a facially plausible claim, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This standard does not amount to a "probability requirement," but it does require more than a "sheer possibility that a defendant has acted unlawfully." *Id.* A complaint alleging "facts [that] are 'merely consistent with' a defendant's liability . . . 'stops

short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

When evaluating a Rule 12(b)(6) motion, the court "must construe the complaint in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C.Cir.1979)).  Conclusory allegations, however, are not entitled to an assumption of truth, and even allegations pleaded with factual support need only be accepted insofar as "they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 678–79.  In determining whether a complaint states a claim, the court can consider the allegations within the four corners of the complaint as well as "any documents either attached to or incorporated in the complaint and matters of which [it] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

## III. ANALYSIS

WMATA contends that PEPCO's complaint fails to state a claim for relief that is plausible on its face.  Def.'s Mem. in Supp. at 2–3; *see also Iqbal*, 556 U.S. at 678–79.  The Court agrees with WMATA.

PEPCO relies on the doctrine of *res ipsa loquitur* to prove its claims of negligence against WMATA.  Compl. ¶¶ 9, 12, 14; Dkt. 12 (Pl.'s Opp'n) ¶¶ 12–13.  *Res ipsa loquitur* allows an inference of negligence if a plaintiff establishes that: "(1) an event would not ordinarily occur in the absence of negligence; (2) the event was caused by an instrumentality in defendant's exclusive control; and (3) there was no voluntary action or contribution on plaintiff's part." *Mixon v. WMATA*, 959 A.2d 55, 60 (D.C. 2008) (quoting *Marshall v. Townsend*, 464 A.2d 144, 145 (D.C.1983)).  *Res ipsa loquitur* is "a rule of evidence," not a rule of pleading or

substantive law, so a plaintiff can invoke this doctrine at any time and need not specifically

mention *res ipsa loquitur* in the complaint. *Teltschik v. Williams & Jensen, PLLC*, 683 F. Supp.

2d 33, 43 (D.D.C. 2010). Nonetheless, "a plaintiff bringing a claim based on the doctrine of *res

ipsa loquitur* must plead" facts that—if accepted as true—support all three requirements of a *res

ipsa loquitur* claim, including "that it was caused by an agency or instrumentality within the

defendant's exclusive control." *Bloyer v. Taidoc Tech. Corp.*, No. 10 C 50284, 2011 WL

2531063, at *2 (N.D. Ill. June 24, 2011) (internal citations omitted) (dismissing a medical

malpractice claim because the allegations did not support exclusive control). "Threadbare

recitals of the elements" of *res ipsa loquitur*, "supported by mere conclusory statements," cannot

suffice to meet this requirement. *Iqbal*, 556 U.S. at 678.

PEPCO alleges sufficient facts to support the first prong of a *res ipsa loquitur*

claim: switch gears rarely explode absent negligence. Compl. ¶ 14. But the complaint does not

allege facts that satisfy the other two prongs—that the switch gear was within WMATA's

exclusive control or that PEPCO itself did not itself take action that contributed to the accident.

The complaint merely alleges that the explosion occurred "as a result of Defendant's negligent

construction, operation, inspection, maintenance and repair of its underground facilities," *id.* at

¶ 14; that WMATA failed "to exercise reasonable care in planning, design, supervision,

oversight, and performance at the Job Site," *id.* at ¶ 16; and that "Pepco's losses and damages

were caused . . . without any negligence by Pepco contributing thereto," *id.* at ¶ 21. These are

legal conclusions couched as factual allegations, and the Court therefore is not bound to accept

them as true. *See Twombly*, 550 U.S. at 555.

As alleged, the facts of the complaint do not rule out the possibility that PEPCO

exercised some degree of control over the switch gear or that the electrical current traveling

through PEPCO's underground cable lines contributed in some way to the accident.  *Res ipsa loquitur* requires PEPCO to plead facts within its own knowledge that show it did not exercise joint control or take voluntary action that contributed to the explosion.

Federal courts repeatedly have dismissed *res ipsa loquitur* claims when the pled facts were insufficient to establish the exclusive control or voluntary action elements of the claim.  In *Moore v. Pitt County Memorial Hospital*, 139 F. Supp. 2d 712 (E.D.N.C. 2001), for example, the plaintiff's *res ipsa loquitur* claim failed as a matter of law because she never alleged that the contaminated blood that infected her with Hepatitis C was in the exclusive control of the defendant hospital, and not also accessible to the blood bank.  *Id.* at 713.  *See also Charles v. K-Patents, Inc.*, No. 1:17-CV-339, 2018 WL 9869532, at *7 (E.D. Tex. Aug. 10, 2018) (dismissing because the complaint did not properly allege any elements of a *res ipsa loquitur* claim).

As in these cases, PEPCO's allegations do not state a claim that is plausible on its face.  Therefore, the Court will dismiss the complaint but will grant PEPCO leave to amend the complaint if it is able to remedy the noted deficiencies.  *See Confederate Mem'l Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993) (when a court dismisses under Rule 12(b)(6), the plaintiff usually has an opportunity to amend); *see also Charles*, 2018 WL 9869532, at *12 (granting leave to amend after dismissal).  Accordingly, it is

**ORDERED** that the defendant's Motion to Dismiss, Dkt. 2, is **GRANTED**. It is further

**ORDERED** that the plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. It is further

**ORDERED** that the plaintiff shall file an amended complaint on or before July 6, 2020.

*See* Fed. R. Civ. P. 15(a)(2)–(3).  If the plaintiff fails to amend its complaint before this date, its claim will be dismissed with prejudice.


June 22, 2020

DABNEY L. FRIEDRICH
United States District Judge